# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROGER THATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-146 NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Roger Thater's ("Thater") application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

**I.     Issues for Review**

Thater presents two issues for review. He states that the administrative law judge ("ALJ") residual functional capacity ("RFC") determination is not supported by medical evidence and the hypothetical posed to the vocational expert did not capture the concrete consequences of his impairment and; therefore does not constitute substantial evidence. The

Commissioner contends that the decision is supported by substantial evidence in the record as a whole.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

The Court notes that the SSA denied Thater's previous application for disability insurance benefits, which was issued on November 5, 2011. Thater did not appeal that denial;

2

therefore, the determination that he was not disabled through November 5, 2011 is binding. *See* 20 C.F.R. § 404.905 (an initial determination is binding unless the claimant requests a reconsideration during the stated time period or the initial determination is revised).

## III. Discussion

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).

The ALJ found that Thater had the severe impairments of obesity, residual effects of lumbar surgery, residual effects of surgeries to the right knee, attention deficit hyperactivity disorder, major depressive disorder, and anxiety disorder. (Tr. 28.) The ALJ determined that

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

3

Thater had the RFC to perform light work with the following limitations: (1) sit/stand option, which allows him to change positions at will; (2) occasionally climb stairs and ramps; (3) never climb ropes, ladders, and scaffolds; (4) occasionally stoop, kneel, crouch, and crawl; (5) pushing and pulling of right leg is limited to no more that occasional use of foot controls; (6) avoid concentrated exposure to extreme cold, unprotected heights, and vibration; (7) limited to simple instructions and non-detailed tasks; (8) limited to simple work-related decisions; (9) only simple routine work changes; (10) task oriented setting where contact with others is casual and infrequent; (11) no constant or regular contact with the general public; and (12) no more than infrequent handling of customer complaints. (Tr. 30.)

The Court finds that the ALJ's RFC determination was supported by substantial evidence in the record as a whole. A review of the record as a whole demonstrates that Thater has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d 1211, 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). The absence of opinion evidence regarding Thater's physical impairments does not undermine the ALJ's RFC determination where other medical evidence in the record supports the finding. *See Henry v. Astrue*, No. 4:13-CV-637 NAB, 2014 WL 2095228 at *12 (E.D. Mo. May 20, 2014). The ALJ reviews the entire medical record when evaluating a claimant's functional limitations, which is not limited to opinion testimony. Further, because the Court finds that the RFC determination is supported by substantial evidence, the Court also finds that the vocational expert testimony that relied upon the RFC determination is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the request for relief in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 16.]

**IT IS FURTHER ORDERED** that judgment will be entered in favor of the Defendant in a separate order.

Dated this 5th day of December, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE